UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE: _____

ROBERT COHEN, Individually; and
ACCESS FOR THE DISABLED, INC., a
Florida Not-For-Profit Corporation,

    Plaintiffs,

vs.

B.T. FT. MYERS, INC., WENDY'S
INTERNATIONAL, INC., DEBORAH R.
ROBERTSON d/b/a KDL ASSOCIATES,
KATHERINE WILDEY d/b/a KDL
ASSOCIATES, and LAURENCE B. OETH,
III d/b/a KDL ASSOCIATES,

    Defendants.
_____/

## COMPLAINT

    Plaintiffs, ROBERT COHEN, individually and ACCESS FOR THE DISABLED, INC., a Florida Not-For-Profit Corporation, on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sue Defendants, B.T. FT. MYERS, INC., WENDY'S INTERNATIONAL, INC., DEBORAH R. ROBERTSON d/b/a KDL ASSOCIATES, KATHERINE WILDEY d/b/a KDL ASSOCIATES, and LAURENCE B. OETH, III d/b/a KDL ASSOCIATES (hereinafter "Defendants"), and as grounds allege:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, ROBERT COHEN, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

5. Plaintiff, ACCESS FOR THE DISABLED, INC., is a not-for-profit corporation formed under the laws of the State of Florida, and maintains its principal office at Coral Springs, Broward County, Florida.

6. At all times material, Defendant, B.T. FT. MYERS, INC. was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Sarasota County, Florida.

7. At all times material, Defendant, B.T. FT. MYERS, INC. operated, owned, or leased a Wendy's restaurant located at 5741 Clark Road, Sarasota, Florida 34233, Wendy's #29.

8. At all times material, Defendant, WENDY'S INTERNATIONAL, INC., was and is a foreign corporation authorized to do business in the State of Florida with agents and/or offices in Sarasota County, Florida.

9. Upon information and belief, WENDY'S INTERNATIONAL, INC., was engaged in a franchise or license agreement with Defendant, B.T. FT. MYERS, INC., as to the restaurant located at 5741 Clark Road, Sarasota, Florida 34233, and may bear franchisor liability under Section 303 of the ADA. See, United States v. Days Inns of America, Inc., 151 F.3d 822 (8th Cir. 1998).

10. Defendants, Deborah R. Robertson, Katherine L. Wildey and Laurence B. Oeth, III collectively owned the property located at 5741 Clark Road, Sarasota, Florida 34233, doing business as "KDL Associates". Hereinafter, Defendants, Robertson, Wildey and Oeth, will be collectively referred to as Defendant, KDL Associates.

11. Venue is properly located in the Middle District of Florida because Defendants' property is located in and does business within Sarasota County, and because a substantial part of the events or omissions giving rise to this claim occurred in Sarasota County, Florida.

## FACTUAL ALLEGATIONS

12. Plaintiff, ROBERT COHEN, is an individual with disabilities as defined by the ADA. Plaintiff suffers from severe neurological and muscular disease that renders him unable to ambulate without a motorized device. Plaintiff, ROBERT COHEN, has visited the property located at 5741 Clark Road, Sarasota, Florida that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue his patronage and use of the premises. Plaintiff, ROBERT COHEN, is also a member of the Plaintiffs organization, ACCESS FOR THE DISABLED, INC., discussed below.

13. ACCESS FOR THE DISABLED, INC., is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and

are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC., and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. ACCESS FOR THE DISABLED, INC., has also been discriminated against because of its association with its disabled members and their claims.

14. The barriers to access at Defendant's property have denied or diminished Plaintiffs' ability to visit the property and endangered her safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

15. Defendants own, lease, lease to, operate, or bear franchise liability for a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, or bear franchise liability for, is known as an Wendy's restaurant located at 5741 Clark Road, Sarasota, Florida 34233.

16. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 18 of this Complaint.

Plaintiffs have reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the Wendy's restaurant located at 5741 Clark Road, Sarasota, Florida 34233, not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

17. Defendants have discriminated against the individual Plaintiffs by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

18. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Wendy's restaurant has shown that violations exist. These violations include, but are not limited to:

### Parking

A. One of the disabled use parking spaces have an uneven surface, which violates ADA Standard 4.6.3.
B. One of the disabled use parking spaces is located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

### Public Restroom

C. There are restrooms for public use at the facility without the required disabled use elements, in violation of multiple sections of the ADAAG.
D. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.
E. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

F. The urinals that are provided for public use at the facility do not comply with the standards set forth in Section 4.18 of the ADAAG.

G. The lavatories in the restroom provided to not meet the requirements prescribed in Section 4.19 of the ADAAG.

H. There are exposed pipes in the restrooms at the facility, in violation of Section 4.19.4 of the ADAAG.

I. The mirrors provided for public use in the restroom are in violation of the requirements of Section 4.19.6 of the ADAAG.

J. There are dispensers provided for public use in the restroom, with controls which are outside of the ranges prescribed in Section 4.27 of the ADAAG.

K. The restroom door has improper hardware for disabled patrons, in violation of Section 4.19.3 of the ADAAG.

### Entrance Access and Path of Travel

L. There is a curb ramp at the facility that contains excessive slopes and side slopes in violation of sections 4.7.2 and 4.7.5 of the ADAAG.

M. There is a curb ramp at the facility that projects into vehicular areas in violation of Section 4.7.6 of the ADAAG.

### Access to Goods and Services

N. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

O. The condiments counter is in excess of 36" in violation of Section 7.2(1) of the ADAAG.

P. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

19. The discriminatory violations described in paragraph 18 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest

and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the Wendy's restaurant located at 5741 Clark Road, Sarasota, Florida 34233, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiffs, ROBERT COHEN, and ACCESS FOR THE DISABLED, INC., respectfully request that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED: May 12, 2011.

Respectfully submitted,

By:   /s/ Daniel B. Reinfeld
DANIEL B. REINFELD, ESQ.
Florida Bar No.: 174815
DANIEL B. REINFELD, P.A.
Ives Dairy Commerce Center
20249 NE 16th Place
Miami, FL 33179
Telephone: (954) 558-8139
Facsimile: (954) 628-5054
E-Mail: dan@reinfeldlaw.com